**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| IN RE: ) | |
| ) | CASE NO: 24-54031-BEM |
| DENNIS LEE KEEN ) | |
| LINDA CAROL KEEN, ) | CHAPTER 7 |
| ) | |
| Debtors. ) | |
| ) | |
| MATTHEW KERN and ) | |
| JESSICA KERN, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | ADVERSARY PROCEEDING NO: |
| v. ) | |
| ) | |
| DENNIS LEE KEEN and ) | |
| LINDA CAROL KEEN, ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT FOR DETERMINATION OF DISCHARGEABILITY**
**AND DISCHARGE PURSUANT TO 11 U.S.C. §§ 523 AND 727**

Plaintiffs Matthew Kern and Jessica Kern (collectively, the "**Kerns**" or the "**Plaintiffs**") hereby file this complaint for a determination that (i) the Plaintiffs' debt based on a Georgia state-court judgment (the "**Judgment**") against Dennis Lee Keen ("**Mr. Keen**") and Linda Carol Keen ("**Mrs. Keen**," and collectively with Mr. Keen, the "**Defendants**") for $160,000.00, consisting of damages resulting from the Defendants' breach of contract and misrepresentations and the Plaintiffs' reasonable attorney's fees and costs incurred to secure the Judgment against the Defendants, is excepted from discharge under 11 U.S.C. § 523(a)(2)(A); and (ii) the Defendants are not entitled to a discharge under 11 U.S.C. §§ 727(a)(2), (3), (4), (5) and/or (6). In support thereof, the Plaintiffs respectfully show the Court as follows:

## INTRODUCTION

1.   In approximately 2003, the Defendants purchased and resided in a newly-built 3,472 square foot home located at 317 Maddox Place Canton, Cherokee County, Georgia 30115 (the "**Property**").

2.   The Defendants later sued the builder of the Property, alleging serious defects in the driveway and the retaining wall that supports the driveway. The Defendants alleged that the builder's defective work caused the driveway to sink, dip, and crack, and that a large void developed under the garage floor because of the defective work. The builder should have installed a brick retaining wall but instead installed one made of wood, which began to bow and give way.

3.   The Defendants settled the suit with the builder and received over $20,000.00, but they never repaired the defects in the driveway and retaining wall. Instead, the Defendants kept the money and eventually decided to sell the Property.

4.   In 2021, the Plaintiffs contemplated purchasing the Property and had it inspected. During the inspection, the Defendants' personal property covered the floor of the garage, concealing large cracks.

5.   After inspection, the Plaintiffs offered to purchase the Property from the Defendants. In the purchase and sale documents, the Defendants denied any issues existing with the driveway, retaining wall, or water intrusion into the Property.

6.   The Plaintiffs relied on the Defendants' representations and decided to purchase the Property. Soon after moving in, the Plaintiffs discovered large cracks in the garage floor, the retaining wall began to bow out, the driveway began to crack, and they discovered water intrusion. Ultimately, the Defendants' representations in the homeowner disclosure statement concealed defects that would have changed the Plaintiffs' minds about purchasing the Property.

7. The Plaintiffs demanded that the Defendants pay for repairs, but those demands were ignored. As a result, the Plaintiffs brought suit against the Defendants in the Superior Court of Cherokee County on April 21, 2022 (the "**Lawsuit**") for the Defendants' breach of contract, false representations about the Property's condition, and for attorney's fees given that the Defendants ignored the Plaintiffs' efforts to resolve the dispute prior to filing suit.

8. During the Lawsuit, the Defendants displayed uncooperative and deceitful conduct. The Plaintiffs were forced to file a motion to compel discovery from the Defendants after they chose to not respond to a portion of the Plaintiffs' discovery requests. The Plaintiffs sought and recovered attorney's fees from the Defendants due to their refusal to cooperate in discovery, for being stubbornly litigious, acting in bad faith, and causing the Plaintiffs unnecessary trouble and expense. Mrs. Keen even failed to appear for trial despite being a named defendant.

9. The Plaintiffs were subsequently awarded the Judgment after a jury determined that the Defendants made false representations regarding the Property's condition and breached the contract with the Plaintiffs. Then Defendants refused to answer the Plaintiffs' post-judgment discovery requests that sought to identify the Defendants' assets. In March 2024, the Plaintiffs noticed the Defendants' depositions, but they both refused to appear.

10. After refusing to cooperate for about two months, the Defendants filed their petition for relief under chapter 7 of the Bankruptcy Code on April 22, 2024 (the "**Petition Date**").

11. Following the Petition Date, the Defendants' same pattern of behavior continues in this bankruptcy case. The Defendants filed the Petition to admittedly avoid paying the Plaintiffs. The Defendants have since failed and refused to comply with this Court's order to produce documents, thereby forcing the Plaintiffs to compel discovery. To date, the Defendants have failed and refused to fully respond to the Plaintiffs' initial Rule 2004 Examination requests. Later, the

-3-

Defendants chose not to respond to any of the Plaintiffs' Supplemental Rule 2004 Examination requests that consisted of interrogatories and requests for production of documents. To date, the Defendants have intentionally chosen to conceal documents concerning their assets and financial condition.

12.  In further defiance, Mrs. Keen refused to appear for her properly noticed deposition and provided no reason for same. Mr. Keen appeared for his deposition via Zoom, appeared to be reading from pre-written notes when responding, but after the Plaintiffs' counsel ensured he had no further access to his notes Mr. Keen revealed multiple banking accounts and other assets that were not disclosed in the Defendants' Petition and/or Schedules. He also provided inconsistent and contradictory testimony regarding assets, monetary gifts, large cash withdrawals, and frequent check deposits from unknown sources among other things.

13.  The Defendants disposed of over $90,000.00 after the Plaintiffs filed the Lawsuit. The Defendants began taking regular trips to casinos, junkets to multiple states, and also took cruises. The Defendants spent in excess of $500.00 per month on entertainment alone. The Defendants hold at least five bank accounts, and in the records that the Defendants did produce, the Defendants transferred or withdrew over $90,000.00 from their primary accounts but cannot sufficiently explain or show where those funds went.

14.  The Defendants' tactics of sheer refusal to respond to requests for documents and interrogatories are an intentional effort to conceal assets. The Defendants exhibited this conduct in the Lawsuit and now employ the same conduct here to avoid satisfying the Judgment.

15.  The Defendants' Petition, Schedules, Statement of Financial Affairs and Mr. Keen's testimony contain numerous omissions, inconsistencies and/or contradictions that indicate they have not been completely honest and forthcoming with the Court with respect to their

financial affairs. Upon information and belief, the Defendants have concealed information and documents, transferred assets, and failed to satisfactorily explain what happened to assets that would otherwise be available to pay their debts. Accordingly, pursuant to 11 U.S.C. §§ 523 and 727, the Judgment is not dischargeable, and the Defendants are not entitled to a discharge.

### PARTIES, JURISDICTION, AND VENUE

16. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(I) and (J), as a proceeding (i) to determine the dischargeability of the debt owed to the Plaintiffs and (ii) the Plaintiffs' objection to the Defendants' discharge. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

17. Venue is proper pursuant to 28 U.S.C. § 1409, as this is an adversary proceeding arising in and related to the Defendants' Chapter 7 Case No. 24-54031-BEM (the "**Bankruptcy Case**"), which is pending in the United States Bankruptcy Court for the Northern District of Georgia, Atlanta Division (this "**Court**"). This proceeding is initiated pursuant to Federal Rules of Bankruptcy Procedure 7001(a), 7001(b), 7001(d) and 7001(f).

18. On the Petition Date, the Defendants filed their chapter 7 petition, thereby commencing the Bankruptcy Case and subjected themselves to the jurisdiction of this Court.

19. The Defendants reside at 3204 Legends Drive Canton, Cherokee County, Georgia 30114, and may be served there via First Class Mail as provided by Federal Rules of Bankruptcy Procedure 7004(b)(1) and (b)(9). The attorney for the Defendants may be served at the following address:

> Jeffrey M. Heller
> J. M. Heller, Attorney At Law, P.C.
> 291 Jarvis Street
> Canton, GA 30114

20. The Plaintiffs reside at 317 Maddox Place Canton Cherokee County, Georgia 30115 and submit to the jurisdiction of this Court.

21. The deadline which the Plaintiffs may object to (a) the dischargeability of their claim and (b) the Defendants' discharge in the Bankruptcy Case is through and including April 17, 2025; therefore, this Complaint is timely.

22. Upon filing the Petition, the Defendants signed and filed, under penalty of perjury, schedules A/B through H (each a "**Schedule**" or collectively "**Schedules**"), a Summary of Assets (the "**Summary of Assets**") and a statement of financial affairs (the "**Statement of Financial Affairs**") [Doc. 1].

23. On May 6, 2024, the Defendants signed and filed, under penalty of perjury, schedules I and J. [Doc. 11].

24. In accordance with 11 U.S.C. § 701, the United States Trustee appointed Gregory Hays (the "**Trustee**") to serve as Chapter 7 Trustee in this case.

25. The Trustee is charged with custody of the property in the Defendants' bankruptcy estate.

26. On May 21, 2024, the Trustee conducted the section 341(a) meeting of creditors (the "**Meeting of Creditors**") via Zoom.

27. The Defendants and the Plaintiffs were represented by counsel at the Meeting of Creditors, and the Defendants testified under oath that they read and reviewed the Schedules and Statement of Financial Affairs prior to signing them.

28. At the Meeting of Creditors, the Defendants testified under oath that the Schedules and Statement of Financial Affairs were true and correct.

29. On May 21, 2024, the Trustee filed his Report of No Distribution (the "**RND**"). [Doc. 15].

30. On June 24, 2024, the Defendants filed an Amended Schedule C, an Amended Summary of Assets, and their Motion to Avoid Lien with Matthew Kern and Jessica Kern. [Docs. 19, 20].

31. In the Amended Schedule C, the Defendants claimed an exemption in Debtor Linda Keen's "Profit Plan" with Publix Supermarkets for the full amount of the stated value at the time of $79,491.00. [Doc. 19].

### A. The Rule 2004 Examination

32. This Court granted the Plaintiffs' June 2024 request to examine the Defendants pursuant to Rule 2004 and ordered the Defendants to produce documents and sit for their depositions on July 16, 2024. [Doc. 22].

33. The Defendants produced a portion of the requested documents the night before the scheduled depositions, giving the Plaintiffs little time to review and prepare relevant questions.

34. On July 16, 2024, the Defendants' deposition went forward via Zoom, but Mrs. Keen refused to appear for her deposition.

35. Mr. Keen appeared via Zoom and under oath, he testified that he believes he's been transparent in his bankruptcy papers.

36. Mr. Keen could not sufficiently explain the disposition of large cash withdrawals ranging from $25,000.00 to $42,000.00 as shown in the Defendants' banking statements.

37. Mr. Keen could not sufficiently explain the disposition of smaller amounts of cash that were frequently withdrawn from the Defendants' bank accounts.

38. Mr. Keen testified that he gifted approximately $10,000.00 to a child. However, this amount conflicts with his testimony at the 341 Meeting of Creditors where he claimed he gifted only $5,000.00.

39. Mr. Keen testified that Mrs. Keen receives direct deposits from Publix Supermarkets, her employer, yet the Defendants failed to produce Mrs. Keen's pay reports and complete bank statements reflecting these direct deposits.

40. Mr. Keen revealed multiple financial accounts that were not disclosed in the Petition or Schedules.

41. Mr. Keen testified that within the year preceding filing the Petition Date, he sold a piece of automotive equipment to an automotive company and received installment payments in return.

42. Mr. Keen testified that the proceeds from the equipment sale were deposited into a Wells Fargo account. However, neither the Wells Fargo account nor the sale of the equipment were disclosed in his Schedules.

43. Mr. Keen could not explain monthly check deposits for $200.00, sometimes $250.00, into the Defendants' Wells Fargo account made between at least 2022 through 2024 and could not definitively say these deposits related to the equipment sale.

44. Later, Mr. Keen produced a conflicting document appearing to be a printed Word document that generally described a piece of automotive equipment, signed by Mr. Keen and an individual, purporting to sell the equipment in 2019 for $800.00 and the buyer agreed to pay $200.00 per month for four months.

45. Mr. Keen testified that Mrs. Keen did not use a debit card, only used cash, and would give cash to Mr. Keen to deposit into his primary account.

46. However, the account identified as Mrs. Keen's primary account showed daily debit card transactions.

47. Mr. Keen testified that if he needed money, he would transfer funds from "the 401k" into his bank account.

48. Mr. Keen's testimony also revealed, upon information and belief, that the Defendants hold a financial account called a "trip plan" which is somehow related to the 401k, and/or another savings plan.

49. Mr. Keen testified that the Defendants paid approximately $50,000.00 to their attorney in the Lawsuit. Upon information and belief, the Defendants did not pay their counsel that amount of money.

50. After obtaining Mr. Keen's testimony and comparing it to the documents that the Defendants produced, the Plaintiffs filed an opposition to the Defendants' Motion to Avoid Lien and objected to the Defendants' exemptions on July 19, 2025, and July 14, 2024, respectively. [Docs. 25, 28].

51. The Trustee withdrew his RND on July 25, 2024. [Doc. 30].

**B. The Defendants' Failure to Cooperate with the Plaintiffs' Rule 2004 Examination and this Court's Order.**

52. The Plaintiffs requested documents from the Defendants relating to their assets and financial affairs on May 21, 2024, June 28, 2024, and February 4, 2025.

53. The Defendants failed to produce all documents that were requested and failed to sufficiently explain why the documents were not produced.

54. The Plaintiffs requested that the Defendants supplement their document production on several occasions, but the Defendants again refused to fully comply.

-9-

55. In light of the Defendants' continued refusal to produce requested documents, the Plaintiffs filed their Motion for Order Compelling Document Production and for Supplemental Rule 2004 Examination of the Defendants on October 29, 2025, and the parties appeared for a hearing on the matter on November 13, 2024, and December 17, 2024. [Docs. 44, 54].

56. The Defendants produced a small portion of the outstanding documents the day before the November 13, 2024, hearing at 4:32 p.m.

57. This Court ordered the Defendants to produce outstanding documents and granted the Plaintiffs permission to serve the Defendants with their Supplemental Rule 2004 Interrogatories and additional Requests for Production of Documents (the "**Second Requests**").

58. The Defendants produced a small portion of the outstanding documents after the November 13, 2024, hearing.

59. However, to date, the Defendants have refused to fully respond to the Plaintiffs' initial Rule 2004 Examination requests.

60. The Plaintiffs properly served the Defendants with the Second Requests on February 4, 2025; however, the Defendants have completely failed and refused to respond to date. [Doc. 63].

61. The documents that the Defendants refuse to produce concern the disposition of the Property sale proceeds, the disposition of over $90,000.00 in savings, large cash withdrawals, regular physical check deposits, and Mrs. Keen's retirement and/or investment accounts that held over $420,000.00 as of the Petition Date.

## COUNT I
## REQUEST FOR DENIAL OF DISCHARGE
## UNDER 11 U.S.C. § 727(a)(2)

62. The Plaintiffs hereby incorporate the allegations set forth in paragraphs 1 through 61 of this Complaint as if each allegation was fully set forth herein.

63. The Defendants, with the intent to hinder, delay, and defraud the Plaintiffs, transferred, removed, and/or concealed at a minimum $90,000.00 once the Plaintiffs filed the Lawsuit and within one year before the Petition Date.

64. With the intent to hinder, delay, and defraud the Plaintiffs, the Defendants transferred, removed, and/or concealed $42,000.00 in cash in August 2023.

65. The Defendants, with the intent to hinder, delay, and defraud the Plaintiffs, concealed the proceeds from the Property sale within one year before the Petition Date.

66. Upon information and belief, the Defendants, with the intent to hinder, delay, and defraud the Plaintiffs, transferred, removed, and/or concealed personal property and household items after the sale of the Property and within one year before the Petition Date.

67. After the Petition Date, the Defendants, with the intent to hinder, delay, and defraud the Plaintiffs, concealed the existence of financial accounts with Bank of America, LGE Credit Union, and multiple accounts with Wells Fargo Bank.

68. The Defendants failed to include the aforementioned financial accounts in their Petition and Schedules, as originally filed and as amended.

69. After filing the Petition, the Defendants, with the intent to hinder, delay, and defraud the Plaintiffs, concealed the Defendants' ownership of multiple firearms.

70. After filing the Petition, the Defendants, with the intent to hinder, delay, and defraud the Plaintiffs, concealed ownership in publicly traded stock.

71. After filing the Petition, the Defendants, with the intent to hinder, delay, and defraud the Plaintiffs, concealed ownership in non-publicly traded stock and interests in incorporated businesses.

72. After filing the Petition, the Defendants, with the intent to hinder, delay, and defraud the Plaintiffs, concealed dividend payments and other income that, upon information and belief, were and are received regularly.

73. By virtue of the foregoing, the Defendants' discharge should be denied under 11 U.S.C. § 727(a)(2).

## COUNT II
## REQUEST FOR DENIAL OF DISCHARGE
## UNDER 11 U.S.C. § 727(a)(3)

74. The Plaintiffs hereby incorporate the allegations set forth in paragraphs 1 through 73 of this Complaint as if each allegation was fully set forth herein.

75. Mrs. Keen has concealed or failed to keep records for a financial account ending in "1000" that was shown in her Statement Regarding Pay Stubs. [Doc. 6].

76. Mrs. Keen has concealed records, papers, and documents reflecting her income from Publix Supermarkets.

77. The Defendants have concealed or failed to keep records, papers, and documents for all withdrawals, cash and/or check deposits, transfers from the Defendants' accounts with Bank of America, Truist, and Wells Fargo.

78. The Defendants have concealed or failed to keep records, papers, and documents reflecting the proceeds received from the sale of the Property.

79. The Defendants have concealed or failed to keep records, papers, and documents reflecting the purchase and ownership of multiple firearms.

80. The Defendants have concealed or failed to keep records, papers, and documents reflecting the ownership and a Mercedez Benz that was sold by the Defendants in 2022 to Mr. Keen's sister-in-law to include loan documents, loan payoff, a bill of sale, and proceeds from the sale.

81. The Defendants have concealed or failed to keep records, papers, and documents reflecting the automotive equipment that Mr. Keen owned and the installment payments received from its sale.

82. The Defendants have concealed or failed to keep records, papers, and documents reflecting monetary gifts made to one or more of their children of at least $5,000.00.

83. The Defendants have concealed or failed to keep records, papers, and documents corroborating Mr. Keen's testimony that the Defendants spent $50,000.00 to pay off certain credit card debts.

84. The Defendants have concealed or failed to keep records, papers, and documents reflecting amounts paid to Erudite Engineers, which relates to the Lawsuit.

85. The Defendants have concealed or failed to keep records, papers, and documents reflecting amounts paid to Attorney Nate Cochran, the Defendants' attorney in the Lawsuit.

86. The Defendants have concealed or failed to keep records, papers, and documents for each of Mr. Keen's retirement and investment accounts reflecting all withdrawals, transfers, contributions, dividend payments, and interest earned.

87. The Defendants have concealed or failed to keep records, papers, and documents for each of Mrs. Keen's retirement and investment accounts reflecting all withdrawals, transfers, contributions, dividend payments, and interest earned.

88. In the Defendants' amended Schedule C, the Defendants elected to exempt from discharge $389,947.00 that, at that time, was held in Mrs. Keen's 401k plan with Publix Supermarkets. [Doc. 19].

89. Mrs. Keen has concealed documents reflecting the source of many contributions made to her investment and/or retirement accounts with Publix Supermarkets that occurred regularly over the last four years.

90. The Defendants have concealed or failed to keep records, papers, and documents for their tax filings to include all worksheets, amendments, and schedules.

91. By virtue of the foregoing, the Defendants' discharge should be denied under 11 U.S.C. § 727(a)(3).

## COUNT III
### REQUEST FOR DENIAL OF DISCHARGE
### UNDER 11 U.S.C. § 727(a)(4)(A)

92. The Plaintiffs hereby incorporate the allegations set forth in paragraphs 1 through 91 of this Complaint as if each allegation was fully set forth herein.

93. The Defendants knowingly and fraudulently made a false oath in Schedule A/B stating that they do not own firearms when they own multiple firearms and keep them in their residence. [Doc. 1].

94. The Defendants knowingly and fraudulently made a false oath in Schedule A/B that they only held three bank accounts with Truist Bank. However, the Defendants have financial accounts with LGE Credit Union, Wells Fargo, which each held funds as of the Petition Date, and upon information and belief, the Defendants hold a financial account with Bank of America as well. [Doc. 1].

95. The Defendants knowingly and fraudulently made a false oath in Schedule G stating that they are not parties to any leases; however, the Defendants had unexpired leases for an apartment, and upon information and belief, cell phones and internet service. [Doc. 1].

96. The Defendants knowingly and fraudulently made a false oath in the Petition stating that they had not paid any creditor a total of $600 or more in the 90 days before filing the Petition,

but the Defendants' bank statements indicate that they paid American Express and Capital One each in excess of $600.00. [Doc. 1].

97. The Defendants knowingly and fraudulently made a false oath in Schedule I stating that the Defendants did not receive any interest or dividend payments. However, the Defendants regularly received dividends from Mrs. Keen's investment and retirement accounts with Publix Supermarkets. [Doc. 11].

98. By virtue of the foregoing, the Defendants' discharge should be denied under 11 U.S.C. § 727(a)(4)(A).

## COUNT IV
## REQUEST FOR DENIAL OF DISCHARGE
## UNDER 11 U.S.C. § 727(a)(5)

99. The Plaintiffs hereby incorporate the allegations set forth in paragraphs 1 through 98 of this Complaint as if each allegation was fully set forth herein.

100. The Defendants failed to explain satisfactorily the loss of the proceeds from the sale of the Property.

101. The Defendants failed to explain satisfactorily the loss of over $90,000.00 from their Truist bank accounts between the time the Lawsuit was filed to the present day.

102. The Defendants failed to explain satisfactorily the deficiency of assets to meet the Defendants' liability.

103. By virtue of the foregoing, the Defendants' discharge should be denied under 11 U.S.C. § 727(a)(5).

## COUNT V
## REQUEST FOR DENIAL OF DISCHARGE
## UNDER 11 U.S.C. § 727(a)(6)(A)

104. The Plaintiffs hereby incorporate the allegations set forth in paragraphs 1 through 103 of this Complaint as if each allegation was fully set forth herein.

105. This Court ordered Mrs. Keen to appear for her deposition on July 16, 2024, but she failed and refused to appear without reason. [Doc. 22].

106. After this Court ordered the Defendants to produce outstanding documents to the Plaintiffs at the November 13, 2024 hearing, the Defendants refused to fully comply and failed to provide an explanation as to why the documents were not produced.

107. After this Court authorized the Plaintiffs to serve the Defendants with their Second Requests, the Defendants completely failed and refused to respond.

108. By virtue of the foregoing, the Defendants' discharge should be denied under 11 U.S.C. § 727(a)(6)(A).

## COUNT VI
## VIOLATION OF 11 U.S.C. § 523(a)(2)(A)

109. The Plaintiffs hereby incorporate the allegations set forth in paragraphs 1 through 108 of this Complaint as if each allegation was fully set forth herein.

110. The Defendants owe the Plaintiffs a debt for money that arose from the Defendants' false representations made during the sale of the Property.

111. But for the Defendants' false representations regarding the condition of the Property, the Plaintiffs would not have purchased the Property.

112. During the sale of the Property, the Defendants answered "NO" to the questions below that they set forth in a disclosure statement:

| | |
|---|---|
| 4(a): | Has there been any settling, movement, cracking or breakage of the foundations or structural supports of the improvements? |
| 8(a): | Is there now or has there been any water intrusion in the basement, crawl space or other parts of any dwelling or garage or damage therefrom? |
| 8(b): | Have any repairs been made to control water intrusion in the basement, crawl space, or other parts of any dwelling or garage? |
| 12(a): | Is there now or has there been any litigation therein alleging |

-16-

        negligent construction or defective building products?

  13(a:):    Are there any other hidden defects that have not been otherwise been disclosed?

113. The Defendants' responses in the disclosure statement were false.

114. A jury found that the Defendants misrepresented the Property's defects and deficiencies to the Plaintiffs, thereby causing the Plaintiffs harm.

115. Pursuant to 11 U.S.C. § 523(a)(2)(A), the Judgment cannot be discharged.

**WHEREFORE**, the Plaintiffs respectfully request that the Court enter an order and judgment:

(1) excepting the debt owed to The Plaintiffs from discharge pursuant to 11 U.S.C. § 523(a)(2)(A) for $160,000.00; and

(2) denying the Defendants' a discharge under 11 U.S.C. §§ 727(a)(2), 727(a)(3), 727(a)(4)(A), 727(a)(5), and/or 727(a)(6)(A); and

(3) awarding the Plaintiffs all costs and reasonable attorneys' fees incurred by the Plaintiffs in this adversary proceeding; and

(4) granting the Plaintiffs such other and further relief as this Court may deem just and proper.

[*Signatures on following page*]

Dated: April 17, 2025

Respectfully submitted,

**KECK LEGAL, LLC**

*/s/ Benjamin R. Keck*
Benjamin R. Keck
Georgia Bar No. 943504
2801 Buford Highway NE,
Suite 115
Atlanta, GA 30329
Tel. (470) 826-6020
bkeck@kecklegal.com

**-AND-**

**MERBAUM LAW GROUP, P.C.**

*/s/ Teresa L. Pardinas*
David J. Merbaum
Georgia Bar No. 006700
Teresa L. Pardinas
Georgia Bar No. 382276
5755 North Pointe Pkwy
Suite 284
Alpharetta, Georgia 30022
Tel. (678) 393-8232
david@mlgroup.law
teresa@mlgroup.law